UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SEAN ROONEY,

                Petitioner

v.

FRANKLIN TENNIS, et al.

                Respondents.

CIVIL ACTION

No. 09-cv-399

**MEMORANDUM**

May 15, 2009                                                                                                    Pollak, J.

       On January 28, 2009, petitioner Sean Rooney filed his first petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254. Rooney had been convicted in the Court of Common Pleas of Philadelphia County of aggravated assault. He then appealed to the Superior Court of Pennsylvania, arguing that the conviction rested on insufficient evidence. The Superior Court affirmed. Having exhausted his direct appeals on the issue,[1] Rooney now seeks relief in this court on a claim that the conviction was unconstitutional because, as he argued to the Superior Court, it rested on insufficient evidence.

---

[1] Pursuant to Order No. 218 of the Supreme Court of Pennsylvania, an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

In his petition for relief under § 2254, Rooney stated that he had filed an application for post-conviction relief in the Court of Common Pleas on a claim of ineffective assistance of counsel.  Petitioner Appl. at 5-6.  Applying to the state court before petitioning for *habeas corpus* was appropriate, since this court has no authority to consider a claim on *habeas corpus* that a state conviction was unconstitutional — whether on grounds of insufficient evidence or ineffective assistance of counsel or on any other ground — unless the claim of unconstitutionality has been presented to, and rejected by, the state courts, either on direct appeal or, collaterally, under the Pennsylvania Post Conviction Relief Act (PCRA).  *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).  Rooney, however, further stated in his § 2254 application that the PCRA claim of ineffective assistance was "to be withdrawn with the filing of this habeas corpus action."  Petitioner Appl. at 6.  These statements complicate this court's posture toward Rooney's § 2254 petition.

First, Rooney has not included any proof that he has dismissed his PCRA application.  Consequently, if this court begins review of Rooney's § 2254 petition, and Rooney has not, in fact, dismissed his PCRA application, this court would be likely to find itself conducting a review for post-conviction relief of a state criminal conviction that is concurrently under similar review by a state court.  But this cannot be done.  A district court cannot entertain a *habeas corpus* petition until all appeals for state relief have been exhausted.  *Linnen v. Armainis*, 991 F.2d 1102, 1108 (3d Cir. 1993).

2.

Second, if Rooney does withdraw his PCRA claim in order to have this court address, on *habeas corpus*, his insufficient evidence claim, Rooney would be proceeding in a very risky way. A claim that a conviction was based on insufficient evidence, and therefore was unconstitutional, is very difficult to establish, so there is a very strong possibility that Rooney would not prevail and his *habeas corpus* application would be denied. But under that circumstance Rooney would, in all probability, not be able to pursue, in this court, an ineffective assistance of counsel claim. That is because under the statutes governing *habeas corpus*, a district court cannot entertain a *second* application for *habeas corpus* unless the court of appeals allows the second application to be filed; the situations in which a court of appeals does allow the filing of a second *habeas corpus* application are rare. Thus, if Rooney believes he has a substantial ineffective assistance of counsel claim, he should pursue it in the state courts through the PCRA process. If Rooney does not succeed there, he may then, having exhausted all his state court claims, file a *habeas corpus* application in this court.

Accordingly, since the record before this court does not show that the petitioner has exhausted his state remedies, the petitioner's *habeas corpus* application is dismissed without prejudice.